IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40111
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERMAN MILLA-RODRIGUEZ, also known as Vicente Caballero-
Rodriguez, also known as Manuel Alvarado-Rodriguez,

Defendant-Appellant.

_____

Consolidated with
No. 02-40229

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICENTE CABALLERO-RODRIGUEZ, also known as Antonio D. Toribio,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-351-1
USDC No. B-99-CR-409-1-S1
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR.

In this consolidated appeal, German Milla-Rodriguez challenges his conviction and sentence for being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Milla-Rodriguez argues that the sentencing provisions in 8 U.S.C. § 1326(b) are unconstitutional on their face and as applied in his case. He contends that the unconstitutional portions of 8 U.S.C. § 1326 should be severed from the statute. He asks us to vacate his conviction and sentence, reform the judgment to reflect a conviction only under 8 U.S.C. § 1326(a), and remand his case for resentencing under that provision.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Milla-Rodriguez acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been called into doubt by Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). Accordingly, the judgment of the district court is AFFIRMED.

---

R. 47.5.4.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. The Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.